UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 DEC -2 PM 3:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MICHELLE WADSWORTH, as Administratrix of the Estate of RONALD JAMES WADSWORTH, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICES, INC., a corporation and MARY GILES,<br><br>Defendants. | CASE NO. CV 97-B-2686-S |

ENTERED
DEC 02 1998

## MEMORANDUM OPINION

This matter is before the court on the unopposed Motion for Summary Judgment filed by defendants Correctional Medical Services, Inc. and Mary Giles on September 24, 1998. The court entered an Order on October 14, 1998, directing the plaintiff to file any opposition to the defendants' motion by November 11, 1998. The plaintiff did not file a response in opposition to the defendants' motion. Upon consideration of the record and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence

37

in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. Thus, plaintiff has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendants' Motion for Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 2nd day of December, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge